PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EMETERIO ORTIZ, Defendant and Appellant.

No. 5110.  Argued November 21, 1933.—Decided January 12, 1934.

*J. Valldejuli* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Emeterio Ortiz and Demetrio Fernández were charged with breach of the peace before the Municipal Court of Ya-

1

bucoa. Upon being convicted by the municipal court they appealed to the District Court of Humacao, and after a trial *de novo,* Fernández was acquitted and Ortiz was sentenced to thirty days in jail. Thereupon Ortiz appealed to this Supreme Court, and in his brief he has assigned three errors, none of which was committed, in our opinion.

The first error assigned is that the complaint should have been dismissed in accordance with section 448 of the Code of Criminal Procedure, inasmuch as it was filed in the district court on September 29, 1932, and the trial was not held until January 24, 1933, or about eight days after the expiration of the 120 days fixed by the statute.

The motion was not made before the trial but in the course thereof, and therefore came too late. But apart from this, we find that the court had a just cause for the delay, namely, the occurrence of the San Ciprián Hurricane, on September 26, 1932, which disorganized, and even paralyzed, the work of the court that could not be resumed until the 14th of the following November.

The second and third errors assigned are that there was prejudice and partiality on the part of the court, and that the judgment is contrary to the evidence.

At the termination of the trial, the judge of the district court said:

''The court, after a thorough study of the evidence while it was being presented in the cases of the *People* v. *Ricardo Aponte,* does not feel conscientiously convinced by the evidence presented in said cases against Ricardo Aponte, that this evidence is sufficient, and is of the opinion that he is innocent of the offenses with which he is charged. As to Emeterio Ortiz, by his own testimony in the previous cases, but which the judge does not take into consideration in judging this case; as to Emeterio Ortiz, on the evidence presented in this case, the Court is of the opinion, giving absolutely credence to such evidence;

''That Emeterio Ortiz has committed a serious offense of breach of the peace, by provoking Ricardo Aponte in an insulting manner on one of the streets of Yabucoa when this gentleman was going

toward his home accompanied by his wife, and I therefore find him guilty of a breach of the peace as charged, and I sentence him to thirty days in jail and to pay the costs."

The appellant claims that the alleged prejudice and partiality are shown by the judge's remark that Ortiz had committed "a serious offense of breach of the peace" when there exists only the offense of breach of the peace since the legislator did not qualify it as serious or otherwise, and by taking into consideration the evidence presented in another case.

We do not believe that the statements of the judge have the scope attributed to them by the appellant.

It is true that the law only refers to the offense of breach of the peace in general, but the law also allows the judges ample discretion in fixing the punishment. For example, in the instant case the judge could have imposed from one to ninety days in jail, and in the exercise of his discretion he could have, and should have, weighed the attendant circumstances that enhance or diminish the seriousness of the criminal act.

This case is related to another one for aggravated assault and battery, tried in the same court against the same defendant. *People* v. *Ortiz,* 45 P.R.R.—*. Fresh in the mind of the trial judge was the impression made upon him by the said case in which he found the defendant guilty and sentenced him to six months in jail for having assaulted and battered a woman, and his statements, faithfully taken down by the stenographer, are explainable. But following said statements is the immediate reaction of the expert judge who knows that he can decide a case only on its merits, basing his decision on the evidence presented in the same, and who clearly limits his actions. There is no passion or prejudice in this reaction. The truth is that if any influence remained in the judge's mind it was to lower the sentence, since, in spite of referring to the seriousness of the offense com-

---

* NOTE.—For page number omitted from this citation see "Table of Cases Cited in Opinions—Citations from Puerto Rico Reports," this volume.

4

mitted by the defendant, he sentenced said defendant to only thirty days in jail, instead of the ninety days to which he could have sentenced him, perhaps keeping in mind the six months already fixed as punishment for said offense of assault and battery.

Regarding the evidence, we have analyzed it and consider it sufficient. The act occurred on one of the streets of Yabucoa. Ricardo Aponte, who had testified against Ortiz in the assault case, was walking with his wife and was insulted and threatened by Ortiz, within the hearing of women and in an obstreperous and improper manner, as charged in the information and confirmed by the evidence, establishing a breach of the peace.

The judgment appealed from must be affirmed.